FILED '08 OCT 17 14:48 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOCCERSPECIFIC.COM LLC, an Oregon
Limited Liability Company,
                    Plaintiff,

          v.

WORLD CLASS COACHING, INC., a
Kansas corporation, and MIKE SAIF;


_____ Defendants ____

Civil No.  08-6109-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:


                    BACKGROUND

      Plaintiff SoccerSpecific.com LLC(SoccerSpecific) is an Oregon
based company that distributes soccer coaching and training products
it has designed.   Defendant World Class Coaching, Inc. is a Kansas
based company that also distributes soccer related products. Defendant
Saif is the president of World Class. Both companies use a website for
sale and distribution of the products.

      Plaintiff has admitted it granted defendants access to certain
graphic artwork related to soccer pursuant to a licensing agreement,

but asserts that defendants' use of such artwork in books and other products went beyond the limitations of the authorized use. Plaintiff states that the artwork is protected by copyright and asserts claims in this action for, among other things, copyright infringement and breach of contract.

Presently before the court is defendants' motion (#10) to dismiss for lack of personal jurisdiction or, in the alternative, to transfer for improper venue. As discussed below, the action should be transferred to Kansas.


## DISCUSSION


I. <u>Mandatory Transfer of Breach of Contract Claim in the Interest of Justice Pursuant 28 U.S.C. § 1406.</u>

Defendants asserted in their Reply that venue must be proper for each claim, that venue for a breach of contract claim has to be the place of performance, and that the place of performance in this case is Kansas. The court asked for more briefing and asked plaintiff to respond to the Reply. Plaintiff did not address the aforementioned issues in its supplemental filing. As the statements and case law cited by defendants are correct, the breach of contract claim must be transferred to Kansas pursuant to 28 U.S.C. § 1406.

Plaintiff has the burden of showing that venue is properly laid in Oregon. <u>Piedmont Label Co. v. Sun Garden Packing</u>, 598 F.2d 491, 495 (9th Cir. 1979)(citations omitted). "Where there are multiple ...claims in an action, the plaintiff must establish that venue is proper as to each ... claim." <u>Multimin USA, Inc. v. Walco Int'l,</u>

<u>Inc.</u>, 2006 WL 1046964 (E.D. Cal., April 11, 2006); <u>Markel American</u>
<u>Ins. Co. v. Pacific Asian Entrprises, Inc.</u>, 2008 WL 2951277 (N.D. Cal, 2008).

The Ninth Circuit and the District of Oregon have ruled on several occasions that the proper venue in a breach of contract action is the place of performance:

> The overarching purpose of section 1391(a) is to further convenience of the parties. <u>Decker Coal Company v. Commonwealth Edison Co.</u>, 805 F.2d 834, 842 (9th Cir. 1986). **In <u>Decker Coal</u>, the Ninth Circuit found that, in a breach of contract case, the most appropriate venue is the place where the contract was intended to be performed.** <u>Id</u>. The court favored 'this rule because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued. Furthermore, the place of performance is likely to have a close nexus to the underlying events.' <u>Id</u>.

<u>Quest Marketing, Inc. v. Schneider</u>, 2005 WL 1113858 (D. Or. 2005)(emphasis added). <u>See also</u>, <u>Grain Millers v. Pacific Flexpak</u>, 2008 WL 550124 (D. Or. 2008)("The location of intended performance determines the proper venue."); <u>Poipu Resort Partners, L.P. v. Meier</u>, 1996 WL 161765 (N.D. Cal.).

The place of performance (and alleged nonperformance) of the license agreement in this case was Kansas. P. p. 5-7 of Defendants' Sur-reply(#23). Plaintiff did not meet its burden on venue as it did not offer any facts, argument, or authority to dispute the fact that the license agreement was to be performed in Kansas and the proper venue in a breach of contract action is the intended place of performance. As such, venue for the breach of contract claim is not proper in Oregon and is proper in Kansas. 28 U.S.C. §1406(a) provides that "[t]he district court of a district in which is filed

a case laying venue in the wrong ... district **shall** dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a)(emphasis added). Accordingly, the breach of contract claim must be dismissed or transferred to Kansas. Because it is in the interest of justice, defendants' motion to transfer should be allowed and the breach of contract claim should be transferred to Kansas.

    As discussed below, the remaining claims, even if venue for them is proper in Oregon as well as Kansas, should be transferred to Kansas in the interest of justice pursuant to 28 U.S.C. § 1404(a).


II.  <u>Discretionary Transfer of Remaining Claims in the Interest of Justice Pursuant to 28 U.S.C. § 1404.</u>

    A district court may transfer venue pursuant to 28 U.S.C. § 1404(a).  Such section states, in pertinent part, the following:
"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  § 1404(a)'s language is too general to be dispositive in most specific cases. <u>Datasouth Computer v. Three Dimensional Tech</u>, 719 F. Supp 446, 450(W.D. N.C. 1989); <u>Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.</u>, 702 F. Supp. 1253, 1255 (E.D. Va. 1988).  If venue is proper in the transferor forum, and if the proposed transferee forum is one where the action might have been

Case 6:08-cv-06109-TC    Document 24    Filed 10/17/08    Page 5 of 12

brought[1], then the district courts have substantial discretion to decide § 1404(a) transfer motions by weighing various judge-made factors, all of which have been developed to take account of "the convenience of the parties and witnesses" or "the interest of justice" or both. E.g., Sheet Metal Workers Nat'l Fund at 1255-57 & nn. 6, 14 ("the transfer calculus is qualitative, not quantitative"); see also Akers v. Norfolk & W. Ry. Co. _____, 378 F.2d 78, 80 (4th Cir. 1967) (reversal of § 1404(a) transfer decision for abuse of discretion).

Courts consider and weigh the following judge-made factors when ruling on Section 1404(a) motions to transfer: (1) plaintiff's initial choice of forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in

---

[1]Plaintiff in this action appears to agree with defendants that Kansas is a venue where the action may have been brought. See p. 19 of Plaintiff's Response(#15).

a forum that is at home with the state law that must
govern the action; and (11) avoidance of unnecessary
problems with conflict of laws.        E.g., Datasouth Computer
at 450-451 and DMP Corp. v. Fruehauf Corp., 617 F. Supp.
76, 77 (W.D. N.C. 1985); see also 1A Pt. 2 Moore's Federal
Practice, supra note 2, at Para. 0.345[5] (citing numerous
cases, including Gulf Oil Corp. v. Gilbert, 330 U.S. 501,
67 S.Ct. 839, 91 L.Ed. 1055 (1947), where factors
originated).    "The combination and weight of factors
requisite to a given result cannot be cataloged.    At stake
is the art of judging." Id. at 4363.    When weighing these
factors, the court must keep in mind that a party seeking
transfer pursuant to Section 1404(a) has the burden of
persuasion and must show (1) "more than a bare balance of
convenience in his favor" and (2) "that a transfer does
more than merely shift the inconvenience."        DMP Corp. v.
Fruehauf Corp., 617 F. Supp. at 77.

This Court has considered all these factors in
relation to the present case.    Although specific findings
are not required for this analysis, A.J. Industries, Inc.
v. United States District Court for the Central district
of California, 503 F.2d 384, 389 (9th Cir. 1974), the
following lists some of the most important considerations
for the transfer.

Because the breach of contract claim must be in
Kansas, a transfer of the remaining claims would "serve
the interests of justice" as stated in §1404 and would be

consistent with the purpose of that section in that it would promote judicial economy and prevent the waste of time, energy and money. See <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964); <u>see also</u> factor 7 listed above ("all other practical problems that make a trial easy, expeditious, and inexpensive"). The remaining claims in this action are largely intertwined with the breach of contract claim that must be transferred to Kansas. An action in Kansas for the breach of contract claim and an action in Oregon for the remaining claims would be inefficient and inconvenient for all involved and would not serve the interest of justice. A transfer of the remaining claims to Kansas "would serve the multiple objectives of 'eliminat[ing] duplication in discovery, avoid[ing] conflicting rulings and schedules, reduc[ing] litigation costs, and sav[ing] time and effort of the parties, the attorneys, the witnesses, and the courts.'" <u>Coxcom, Inc. v. Hybrid Patents Incorporated</u>, 2007 WL 2500982 (N.D. Cal.) <u>quoting</u> Manual for Complex Litigation (Fourth) §20.131 (2004)(discussing objectives of transfer in context of multidistrict litigation). <u>See also</u> p.p. 12-15 of Defendants' Sur-reply citing and applying numerous similar cases in support of transfer.

It is true that plaintiff's initial choice of forum for all its claims was Oregon. Some courts have found that a plaintiff's choice of forum is a very important consideration in any determination of a transfer request

and that that choice should not be lightly disturbed. However, courts have also held that a plaintiff's choice of forum is "relatively unimportant" and entitled to "little weight." 15 Wright and Miller, Federal Practice and Procedure § 3848 (2d ed. 1986) (citing cases). In Horowitz v. Southwest Forest Indus., Inc., (D. Nv. 1985), the district court recognized that a plaintiff's forum should not be disturbed unless the reasons for doing so were clear and cogent. The court has given plaintiff's choice of forum considerable deference, but, as discussed above and below, this finds clear and cogent reasons of enough weight to disturb such choice of forum.

As to witnesses, plaintiff notes that one of its three owners will be an important witness in this action and that travel to Kansas for him will be extremely problematic. Mike Ower states in his declaration:

> I am a paraplegic confined to a wheelchair. I am paralyzed completely from the chest down. I use a manual wheelchair. I am completely independent and I drive my own van. Traveling by van is not a problem. Traveling by plane is possible but extremely problematic and it is burdensome.

P. 7 of Ower Declaration (#16). While the court notes the importance and difficulty of this burden in general and that it is a factor in the present determination of whether the remaining claims should be transferred to Kansas, the court also notes that the important claim of breach of contract must be adjudicated in Kansas

8 - FINDINGS AND RECOMMENDATION

regardless of where the other claims are adjudicated. In addition, Mr. Ower may not necessarily have to travel to Kansas as only a small percentage of cases actually go to trial and the parties may stipulate to Mr. Ower's deposition taking place in Oregon or plaintiff may move for a protective order and show good cause why such should occur. See Fed. R. Civ P. 26(c)(2); El Camino Resorces, LTD. v. Huntington National Bank, 2008 WL 2557596 (W.D. Mich 2008). It is also important to note the effect transferring or not transferring will have on third party witnesses. Some courts note that this is one of the most significant factors and that it the convenience of non-party witnesses that is the more important factor that is accorded greater weight than the convenience of party witnesses. See Coxcom Inc. v. Hybrid Patents Incorporated, 2007 WL 2500982 (N.D. Cal. 2007). Transfer of the remaining claims would be easier and more convenient for third party witnesses, and indeed all witnesses, whether they live in Kansas or Oregon or elsewhere, because such witnesses would not be required to engage in duplicative litigation or travel to two different forums. Id.

In addition to all of the above, another "practical problem" related to factor seven above is the issue of whether this court has personal jurisdiction over defendants for all claims. Courts have held that a change of venue may conserve judicial resources, and serve the

interests of the parties as well, if a case is transferred
from a forum where there is a difficult question of
personal jurisdiction to a district in which there is not
such uncertainty. <u>Datasouth</u> at 452; <u>Kahhan v. City of
Fort Lauderdale</u>, 566 F. Supp. 736, 738, 740 (D. Pa. 1983)
(transfer obviating jurisdictional difficulty serves
interests of justice within the meaning of § 1404(a));
<u>Donnelly v. Klosters Rederi A/S</u>, 515 F. Supp. 5, 7 (E.D.
Pa. 1981) ("Substantial time, money and effort will be
required to determine ... preliminary jurisdictional issue
which [will be] rendered unnecessary if the action is
transferred to [a district] which has <u>in personam</u>
jurisdiction over defendant and is a forum where the
action might have been brought."), <u>motion denied</u>, 1984 Am.
Mar. Cas. 763 (S.D. Fla. 1982); <u>X-ray Sys. Inc. v. Norfolk
& W. Ry. Co.</u>, 485 F. Supp. 553, 555 (D. N.J. 1980)
("Transfer will ... strike a constructive blow in support
of the need to eliminate avoidable discovery, and aid in
the inexpensive determination of the action, Rule 1,
F.R.Civ.P., since it will render moot the dispute over
minimum contacts."); <u>Terukuni Kaiun Kaisha v. C.R.
Rittenberry & Assocs.</u>, 454 F. Supp. 418, 422-423 (S.D.
N.Y. 1978) (prosecuting action in district where personal
jurisdiction can clearly be obtained over defendant will
avoid risk of squandered energies on personal jurisdiction
issue); <u>see also</u> 15 Wright and Miller, <u>Federal Practice
and Procedure</u> § 3854, at 469-470 & n. 31 (2d ed. 1986)

(citing cases); <u>cf.</u> <u>Porter v. Groat</u>, 840 F.2d 255, 257-258 (4th Cir. 1988) (court may transfer action pursuant to 28 U.S.C. § 1406(a) whenever impediment to adjudication on merits exists--such as lack of personal jurisdiction); <u>McLaughlin v. Copeland  </u>, 435 F. Supp. 513, 534 (D. Md. 1977) ("While transfer ... will cause plaintiff some minimal hardship, this inconvenience is outweighed by the substantial advantage of having the case tried by a court whose jurisdiction is certain.").

In the present case there is a substantial question whether this court's assertion of personal jurisdiction over defendants for all of the claims can meet the requirements of the due process clause of the United States Constitution. Resolution of this issue would require a substantial expenditure of additional resources. A change of venue to Kansas will completely moot the issue of personal jurisdiction as both defendants are Kansas based. A change of venue will, therefore, save judicial resources by making it unnecessary to decide this problematic jurisdictional issue.

All of the parties' other arguments related to venue have been considered and found unpersuasive at this time. All things considered, defendants have met their burden in this matter and an exercise of this court's considerable discretion indicates that a transfer of the remaining claims to Kansas is appropriate.

11 - FINDINGS AND RECOMMENDATION

CONCLUSION

For the reasons stated above, defendants' motion (#10) to dismiss for lack of personal jurisdiction or, in the alternative, to transfer for improper venue should be  allowed to the extent this action should be transferred to the U. S. District Court for the District of  Kansas for all further proceedings.  The  remainder of the motion should be denied as moot.

DATED this ____17____ day of October, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION